Gatsy Jo Anne MARTIN,
Plaintiff-Appellant,

v.

INGALLS SHIPBUILDING, DIVISION OF LITTON SYSTEMS, INC., et al., Defendants,

Frigitemp Corp., Defendant-Appellee.

No. 84–4202

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1984.

---

---

Paul J. Delcambre, Jr., Biloxi, Miss., for plaintiff-appellant.

Thomas E. Williams, Richard L. Forman, Jackson, Miss., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Gatsy Jo Anne Martin, an employee of a subcontractor, sued the contractor, Frigitemp Corp., when she was injured by falling off a ladder aboard a vessel under construction. The complaint alleged negligence and rested on diversity jurisdiction. The district court granted summary judgment in favor of Frigitemp, concluding that under the law of Mississippi it was immune from state common law negligence actions and that, in any case, Frigitemp was not negligent because it neither provided the ladder that injured Martin nor knew of the ladder's alleged defect. We are persuaded by Martin's argument, doubtlessly more elaborate than was presented to the district court, that the Longshoremen's and Harbor Workers' Act, 33 U.S.C. §§ 901 et seq., was applicable. Because a recent Act of Congress makes it clear that Frigitemp was not Martin's statutory employer under the LHWCA, we reverse and remand.

I

Martin was a painter's helper employed by Bagwell Coatings, Inc., which was under contract with Frigitemp to sand, paint and clean furniture and fixtures aboard a vessel being constructed for the U.S. Navy. Frigitemp was itself a subcontractor to Litton Systems, Inc., which held the contract with the Navy. The vessel was docked on the Pascagoula River in Pascagoula, Mississippi. After Frigitemp employees installed furniture and fixtures in a compartment of the vessel, Martin and other Bagwell employees entered the compartment to sand and paint. Martin used a ladder found in the compartment and was injured when a step of the ladder twisted and she fell off the ladder. Since her fall, Martin has received compensation payments under LHWCA from her employer, Bagwell.

II

The district court applied the law of Mississippi and relying on *Doubleday v. Boyd Construction Co.*, 418 So.2d 823 (Miss.1982) and *Nations v. Sun Oil Co.* (Delaware), 695 F.2d 933 (5th Cir.) *reh'g denied*, 705 F.2d 742, *cert. denied*, — U.S. —, 104 S.Ct. 239, 78 L.Ed.2d 229 (1983), found Frigitemp immune from state common law negligence actions because, as a contractor who required its subcontractor to procure workers' compensation insurance, Frigitemp was Martin's statutory employer. *See* Mississippi Workers' Compensation Act, Miss.Code Ann. §§ 71–3–1 *et seq.* (1972 and Supp.1983). Martin does not appeal this ruling, but instead argues that her claim is controlled by the LHWCA. Frigitemp's argument that the claim could not be laid under the LHWCA because construction of the vessel had not been completed is foreclosed by our decision in *Thornton v. Brown & Root, Inc.*, 707 F.2d 149 (5th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 735, 79 L.Ed.2d 194 (1984).

Furthermore, Congress has recently confirmed that Frigitemp is not Martin's statutory employer under the LHWCA, and is therefore not entitled to immunity from suit under section 905(a) of the Act. Section 4(b) of the Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98–426, adds the following language to § 905(a): "For purposes of this subsection, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to secure the payment of compensa-

tion as required by section 4."[1]  This amendment is applicable to pending claims. *Id.* at § 28(a).  Because Bagwell, the subcontractor, paid compensation to Martin, Frigitemp is not Martin's "employer."

We therefore reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

**1.** The amendment overturns the holding in *Washington Metropolitan Area Transit Authority* v. *Johnson,* —— U.S. ——, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984).