Jennifer GRIFFIS, wife of/and Leon H. Griffis, Plaintiffs–Appellants,

v.

GULF COAST PRE–STRESS CO., INC. and American Cable Co., Inc., Defendants–Appellees.

No. 87–3844.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1988.

Timothy K. Lamy, Barker, Boudreaux, Lamy & Foley, New Orleans, La., for plaintiffs-appellants.

John M. Sartin, Jr., Russell M. Cornelius, Cornelius, Sartin & Murphy, New Orleans, La., for Gulf Coast Pre–Stress Co.

Edward A. Rodrigue, Jr., Boggs, Loehn & Rodrigue, New Orleans, La., for American Cable Co.

Before RUBIN, GARZA and JONES, Circuit Judges.

PER CURIAM:

In this appeal we have been asked to determine whether the district court erred in dismissing the plaintiffs' complaint for lack of subject matter jurisdiction. Finding that no independent federal cause of action is contemplated in § 5(a) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(a), we affirm.

I

Leon Griffis allegedly was injured while working on the original construction of two cement barges located on a man-made canal in Louisiana. Halliburton Services employed Griffis and was under contract to American Cable Company (American Cable). American Cable was under contract to Gulf Coast Pre–Stress Company (Gulf Coast), the general contractor. Due to his injury Griffis fell within the concurrent jurisdiction of both the Louisiana Workmen's Compensation Act, La.Rev.Stat.Ann. § 23:1032 (West 1986) (Louisiana Act), and the LHWCA. Griffis elected to receive compensation benefits through the LHWCA for his injury.

Gulf Coast and American Cable subsequently were named as defendants in a third-party tort action filed by Griffis and his wife. The parties agreed and the dis-

trict court recognized that Griffis was entitled to benefits under the LHWCA, but that diversity and admiralty jurisdiction were lacking. The defendants filed motions for summary judgment, urging immunity pursuant to the Louisiana Act, and alternatively alleging lack of federal subject matter jurisdiction. The plaintiffs responded that a federal question was raised pursuant to § 5(a) of the LHWCA, and consequently jurisdiction was invoked pursuant to 28 U.S.C. § 1331.

The district court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction. The court first observed that the federal law invoked as the jurisdictional basis, 33 U.S.C. § 905(a), did not create any right of action against the defendants. Relying on *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the court determined that federal question jurisdiction did not exist. While the court recognized that its ruling conflicted with the Fourth Circuit's holding in *Garvin v. Alumax of South Carolina, Inc.*, 787 F.2d 910 (4th Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986), it found that the Fourth Circuit misapplied the *Franchise Tax Bd.* decision.

## II

The appellants attack the district court's judgment on three grounds. The essence of the appellants' challenge is that federal question jurisdiction exists because the negligence claim was asserted pursuant to § 5(a) of the LHWCA, and § 5(a) is in conflict with the tort immunity provision of § 1032 of the Louisiana Act. In claiming that the LHWCA has created a federal cause of action, the appellants urge this court to adopt the reasoning of the Fourth Circuit in *Garvin*. Further, the appellants argue that the 1984 amendment to § 5(a) of the LHWCA allows employees of subcontractors to maintain tort actions against general contractors. Finally, the appellants contend that this court's decision in *Texas Employers' Ins. Ass'n v. Jackson*, 820 F.2d 1406 (5th Cir.), *reh'g granted*, 828 F.2d 1 (5th Cir.1987), supports their position.

The appellants claim that the 1984 amendment to § 5(a) of the LHWCA created on independent federal cause of action. It has been settled that the 1972 amendments to the LHWCA did not create a federal maritime negligence action. *Russell v. Atlantic & Gulf Stevedores*, 625 F.2d 71, 72 (5th Cir.1980); *Giacona v. Capricorn Shipping Co.*, 394 F.Supp. 1189, 1194 (S.D.Tex.1975). However, in 1984, Congress amended § 905(a) to add this sentence:

> For purposes of this subsection, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title.

Plainly, Congress did not intend this sentence to establish a new federal negligence action. The legislative history similarly reveals that § 905(a) was amended to eliminate *Washington Metro. Area Transit Auth. v. Johnson*, 467 U.S. 925, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984), which Congress believed to be an unpopular decision. H.R.Conf.Rep. No. 1027, 98th Cong., 2d Sess. 24 (1984). It is clear that the 1984 amendment to § 5(a) does not indicate a congressional intent to create a new cause of action.

Both the appellants and appellee American Cable claim that the Fourth Circuit's decision in *Garvin*, 787 F.2d 910, supports their positions. Garvin alleged in his complaint that he received compensation pursuant to the LHWCA, that under the statute the remote employer had no immunity, that the LHWCA and South Carolina's Workers' Compensation Act were repugnant, and that the provisions of the LHWCA should prevail under the supremacy clause. It being apparent that he had no claim under state law, Garvin alleged that a determination that the LHWCA had the meaning and effect for which he contended was "essential" to his claim. *Id.* at 912.

The appellate court responded:

> Whether one accepts the plaintiff at his word, however, and looks upon the feder-

al statute as an essential ingredient of the plaintiff's claimed cause of action, or whether one looks upon the federal statute, as construed by the plaintiff, as stripping away the state created absolute immunity of the defendant, leaving it open to the plaintiff's attack, should make no difference. A determination whether a federal question is appropriately alleged in the plaintiff's complaint should not depend upon subtle choices of emphasis. The situation should be viewed realistically. The defendant is in its citadel with all of the protection of the South Carolina statute. The plaintiff may successfully assault it only from a foundation of some federally derived right, for he has no right of action under state law. He alleges that federal right, and we should accept the allegation as appropriate to his claim.

*Id.* at 913. The *Garvin* majority opinion is an unclear one in that it also stated: "It may well be that we are all agreed that the LHWCA does not purport to create any rights of action in consequence of any land based injury not caused by a vessel." *Id.* at 912.

A dissenting opinion stated that it was appropriate for the lower court to dismiss for lack of subject matter jurisdiction. *Id.* at 918 (Murnaghan, J., dissenting). Judge Murnaghan reasoned that simply because a federal statute was implicated did not mean that the claim would "arise under" federal law. In relying on the well-pleaded complaint rule and *Franchise Tax Bd.,* the judge added that jurisdiction is shown only if a federal issue can be found in the plaintiff's cause of action. *Id.* at 919–20. "If the federal issue is raised by the defendant as part of an affirmative defense, or by the plaintiff in anticipation of an affirmative defense or in order to defeat such a defense, there is no federal jurisdiction." *Id.* at 920.

We agree with the dissent in *Garvin.* Section 905(a) does not create any right of action against third parties. Federal question jurisdiction is established when a claim "arises under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The appellants incorrectly assert that their negligence claim "arises under" the laws of the United States on the basis that said claim involves federal rights founded in federal law. As a basis for federal jurisdiction the federal issue must appear as part of the plaintiffs' cause of action. The claim in this case rests on negligence principles, a purely local matter in the absence of federal authority, and therefore the appropriate forum is a court in the State of Louisiana.

Alternatively, the appellants rely on *Texas Employers' Ins. Ass'n v. Jackson,* 820 F.2d 1406 (5th Cir.), *reh'g en banc granted,* 828 F.2d 1 (5th Cir.1987), for relief. That decision was vacated by the grant of rehearing en banc and is therefore no longer precedential authority. See Fifth Circuit Internal Operating Procedure, published following Fifth Circuit Local Rule 35.6; *Selvage v. Lynaugh,* 842 F.2d 89, 91 (5th Cir.1988). In any event, however, the lower court correctly distinguished the present case from *Jackson* on the facts. *Jackson* involved a suit by an employee against an insurer for bad-faith denial of compensation benefits, a case where the LHWCA specifically provides for a federally created private cause of action. *See* 33 U.S.C. §§ 905, 914(e) (*cited in Jackson,* 820 F.2d at 1412, 1419–20 n. 15). By contrast, when as in this case Congress has provided no federal private cause of action, to allow the presence of a federal issue to give federal-question jurisdiction over a state-law cause of action would "flout, or at least undermine" congressional intent. *Merrell–Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 3234–35, 92 L.Ed.2d 650 (1986).

### III

For the reasons stated above the judgment of the district court dismissing the plaintiff's complaint for lack of subject matter jurisdiction is AFFIRMED.