563 So.2d 1254 (1990)
Jennifer Griffis, Wife of/and Leon H. GRIFFIS
v.
GULF COAST PRE-STRESS COMPANY, INC. and American Cable Company, Inc.
Nos. CA/89/0974, CA/89/1761.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
Timothy Lamy, New Orleans, for plaintiffs-appellants.
Edward Rodrigue, Jr., New Orleans, for defendant-appellee American Calbe Co., Inc.
Edwin K. Legnon, New Orleans, for intervenor-appellee Halliburton.
Russell M. Cornelius, New Orleans, for defendant-appellee Gulf Coast Pre-Stress Co. Inc.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
The sole issue presented by this case is whether an election to receive compensation benefits pursuant to the Longshore and Harbor Workers' Compensation Act voids a statutory employer's immunity to tort suit under Louisiana law where the third-party claims are founded in Louisiana law.
The trial court, in granting defendants' motion for summary judgment, resolved that issue in the negative. It based its holding on Crater v. Mesa Offshore Co. 539 So.2d 88 (La.App. 3rd Cir.1989), writ denied, 542 So.2d 1382 (La.1989), writ denied, 543 So.2d 4 (La.1989), cert. denied, *1255 ___ U.S. ___, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989). See also Lewis v. Modular Quarters, 508 So.2d 975 (La.App. 3rd Cir.), writ denied, 514 So.2d 127 (La.1987), cert. denied, 487 U.S. 1226, 108 S.Ct. 2886, 101 L.Ed.2d 920 (1988). We agree.
We find no merit to appellant's argument that Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La.1976); and Allen v. Keeney, 442 So.2d 1171 (La.App. 1st Cir. 1983), writ denied, 445 So.2d 1232 (La.1984) support their position. Both Poche v. Avondale and Allen v. Keeney, are factually and legally distinguishable from the matter sub judice. Both of those cases involve suits against executive officers in the state courts of Louisiana.[1] Suits against executive officers are strictly prohibited under the Longshore and Harbor Worker's Compensation Act. 33 U.S.C.A. § 933(i). This matter involves the invocation of the defense of statutory employers' immunity against which there is no prohibition in the LHWCA.
After a thorough review and evaluation of the record, we are convinced the trial court properly granted defendants' motion for summary judgment. We therefore adopt the factual findings and the reasonings of the trial court as our own and affirm at appellant's cost.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1101, which at one time permitted such suits was legislatively overruled by La.Acts 1976, No. 147.