**Crystal B. GRANTHAM, Wife of/and Fred C. Grantham, Jr.**

v.

**AVONDALE INDUSTRIES, INC. d/b/a/ Avondale Shipyards, Inc.**

**Civ. A. No. 90–1365.**

United States District Court,
E.D. Louisiana.

Sept. 24, 1991.

---

MINUTE ENTRY

ARCENEAUX, District Judge.

A motion for summary judgment was filed by Avondale Industries, Inc. ("Avondale") and submitted on the papers. The issue presented is whether the Louisiana Worker's Compensation Law, La.Rev.Stat. 23:1032, insulates Avondale as a contractor from a claim for tort liability brought under diversity jurisdiction in federal court by the employee of a subcontractor who is covered by the Longshoremen and Harbor Workers' Compensation Act ("LHWCA").

This motion presents a Hobson's choice for the Court because of the tension between Louisiana courts' rules of decision which answer the issue in the affirmative, and a line of decisions in the United States Fifth Circuit which specifically holds otherwise.

For purposes of this motion, the facts are undisputed.

After a careful review of the law, this Court, sitting in diversity and believing itself Erie-bound[1] by Louisiana's rules of law grants the motion.

THE FACTS

Avondale contracted with the United States Navy to construct a ship. It subcontracted the sandblasting and painting work to International Marine and Industrial Applicators ("International Marine") which employed plaintiff, Fred Grantham, as a painter. On November 7, 1989, while painting a portion of the subject ship on land at Avondale's shipyard, plaintiff stepped of the edge of a platform and fell approximately twelve feet to the ground, allegedly injuring himself severely.

---

1. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58    S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

Plaintiff has been receiving benefits under the LHWCA from International Marine; Avondale has paid no benefits to him. Indeed, plaintiff has stated in his uncontested issues of fact, "for purposes of this motion only, it is assumed that Avondale is a statutory employer under the Louisiana Worker's Compensation Law, La.Rev.Stat. 23:1061 and 1032." Under these two provisions of law, the Louisiana Worker's Compensation Act grants tort immunity to the statutory employer of an insured employee.

## THE LAW

Plaintiffs claim that they have a cause of action based on section 5(a) of the LHWCA, 33 U.S.C. § 905(a), the provisions of which they contend "prevent tort actions by a sub-contractor's employee against the general contractor only if the general contractor actually pays compensation for the sub-contractor's employee." Avondale, the contractor herein, has not paid any compensation; therefore, plaintiffs reason, Avondale is answerable in damages. It is undeniable that under *Martin v. Ingalls Shipbuilding*, 746 F.2d 231 (5th Cir.1984), and *Jenkins v. McDermott, Inc.*, 734 F.2d 229 (5th Cir.1984), this position has merit.

This Court has danced with the *Martin* wolf before in *Griffis v. Gulf Coast Pre–Stress Co.*, 850 F.2d 1090 (5th Cir.1988), but only on the jurisdictional prairie. In *Griffis*, a similar action was brought by a sub-sub-contractor's employee against the sub-contractor and the contractor. The parties in that suit agreed that diversity and admiralty jurisdiction were lacking. Griffis argued that under § 905(a), there was jurisdiction under the LHWCA, since the Act itself created a cause of action. This Court dismissed the suit finding no independent basis for jurisdiction, declining to find a jurisdictional basis in the Act, itself. The Fifth Circuit affirmed. In its decision, the court stated:

Section 905(a) does not create any right of action against third parties.... The claim in this case rests on negligence principles, a purely local matter in the absence of federal authority, and therefore the appropriate forum is a court in the State of Louisiana.

In the case *sub judice*, jurisdiction is based solely on diversity; therefore, the Court approaches the matter as "a court in the State of Louisiana."

It is beyond cavil that in diversity cases, sitting as an *Erie* court, a federal court is to apply the substantive law of the forum state. *Mozeke v. International Paper Co.*, 856 F.2d 722 (5th Cir.1988); *Burns v. Gleason*, 819 F.2d 555 (5th Cir.1987) (a federal court wearing its *Erie* coiffure may fill in gaps in state law, but may neither disregard nor overrule specific holdings by the state's highest court in interpreting state's substantive law). In this case, the Court does so with obvious reluctance (but nevertheless limited by the capacity in which it sits) in that Louisiana's jurisprudence is based on case law which this Court previously has recognized as far from persuasive.[2]

In *Lewis v. Modular Quarters*, 508 So.2d 975 (La.App. 3d Cir.), *cert. denied*, 514 So.2d 127 (La.1987), *cert. denied*, 487 U.S. 1226, 108 S.Ct. 2886, 101 L.Ed.2d 920 (1988)[3], the Louisiana Court of Appeal for the Third Circuit specifically declined to follow the United States Court of Appeals for the Fifth Circuit's reasoning in *Jenkins*. The Louisiana court found that it could "discern no intent by Congress to negate the available defenses provided by state law to third-party claims brought pursuant to state law" and affirmed a lower court's summary judgment dismissing plaintiff's third-party claim against his statutory employer. The court rested its decision on *Garvin*, 787 F.2d at 916–18, and *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980)

---

**2.** *Garvin v. Alumax of S. Carolina*, 787 F.2d 910 (4th Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986) (federal question jurisdiction exists under 33 U.S.C. § 905(a)).

**3.** It is interesting to note that in White and Blackmun's dissent in denying *certiori* in *Lewis*, they noted the inconsistencies between the Court of Appeals for the Fourth Circuit and the Court of Appeals for the Fifth Circuit. Perhaps this conflict may now be ripe for resolution.

(LHWCA is applied concurrently with state worker's compensation schemes). This reasoning has been followed in two other Louisiana appellate decisions. *Griffis v. Gulf Coast Pre–Stress Co.*, 563 So.2d 1254 (La. App. 1st Cir.), *cert. denied*, 568 So.2d 1054 (La.1990); *Crater v. Mesa Offshore Co.*, 539 So.2d 88 (La.App. 3d Cir.), *cert. denied*, 542 So.2d 1382 (La.1989).

Because it has been conceded that plaintiff Grantham is a statutory employee, there is no question but that under existing Louisiana jurisprudence, by which this Court sitting in diversity is bound, Avondale is immune from suit. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is GRANTED and judgment shall be entered dismissing plaintiff's claims with prejudice.