United States Court of Appeals,

Fifth Circuit.

No. 91–3972

Summary Calendar.

Crystal B. GRANTHAM, Wife and Fred C. Grantham, Jr., Plaintiffs–Appellants,

v.

AVONDALE INDUSTRIES, INC., a/k/a Avondale Shipyards, Inc., Defendants–Appellees.

June 30, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The sole issue raised by this appeal is whether the district court was bound by federal or state authority in considering a claim of immunity under federal law in this diversity action. We conclude that although the claim is grounded in state law, whether the state or federal rule of immunity applies is a federal question, and the district court was controlled by the decisions of this court. The district court followed decisions of the Louisiana courts that conflict with this circuit's precedent. We therefore reverse.

I.

In 1989, Fred Grantham was a painter employed by International Marine Industrial Applicators. International Marine contracted with Avondale Industries to sandblast and paint portions of a ship that Avondale was constructing for the United States Navy. While painting the ship, Grantham fell off a platform and was injured. He received benefits from International Marine's insurer pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* Grantham then sued Avondale in federal district court on theories of negligence and strict liability under Louisiana law. The sole basis asserted for federal jurisdiction in the suit was diversity of citizenship.

Avondale moved for summary judgment, arguing that it was entitled to immunity as Grantham's statutory employer under La.Rev.Stat. 23:1032. The district court agreed. It recognized that this Court had held that the immunity provided for statutory employers under state workers' compensation schemes would not preclude a tort suit when a plaintiff elected the federal compensation remedy provided by the LHWCA. It reasoned, however, that because this was a diversity action, it was *Erie* bound to follow Louisiana law on this issue. The Louisiana courts had explicitly held that an employee cannot sue his statutory employer in tort even if he elects to receive LHWCA benefits rather than state workers' compensation benefits. The district court heeded this authority and found Grantham's claim barred. 774 F.Supp. 408. Grantham appeals.

## II.

Workers' compensation programs generally embody a legislative compromise between employers and employees. In return for an expeditious no fault statutory remedy, employees relinquish their common law tort remedies against employers for work related injuries. However, they generally do not give up their rights to sue third parties who caused their injuries through negligence. The question here is whether Avondale is such a third party, and hence subject to a tort suit by Grantham, or whether Avondale is properly characterized as Grantham's employer, since International Marine was Avondale's subcontractor.

It is undisputed that since International Marine paid Grantham disability compensation, Avondale is not Grantham's employer under the LHWCA and therefore is not immune from a tort suit. *See* 33 U.S.C. § 905(a) ("[A] contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title."); *Martin v. Ingalls Shipbuilding,* 746 F.2d 231, 232 (5th Cir.1984). It is also undisputed that under the Louisiana compensation statute, Avondale is Grantham's "statutory employer" and is immune from tort liability. *See* La.Rev.Stat.Ann. § 23:1032 (West 1985); *Lewis v. Modular Quarters,* 508 So.2d 975, 980–91 (La.App. 3 Cir.1987). The more controversial

question is whether the federal or state immunity rule applies when the employee has elected to receive benefits under the LHWCA.

The federal and state courts have reached conflicting results on this issue. In *Jenkins v. McDermott, Inc.,* 734 F.2d 229, 233–34 (5th Cir.1984), this Court reasoned that "the state defense founded upon the state compensation act's coverage scheme, whereby in statutory exchange for his state compensation remedy an injured workman accepts it as the exclusive remedy against his employer and his employer's principal (as "statutory employer"), cannot survive a rejection of the state act's coverage and the election, instead, of the federal remedy." We reasoned that the legislatively intended uniformity of treatment of maritime workers would be thwarted if different remedies were allowed depending on where the injury was sustained.

*Jenkins* was later vacated in part in light of *Washington Metropolitan Area Transport Authority v. Johnson,* 467 U.S. 925, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984), where the Supreme Court held that general contractors are entitled to immunity under the LHWCA if subcontractors pay injured employees disability benefits. *See Jenkins,* 742 F.2d 191 (5th Cir.1984). But Congress promptly overruled *WMATA* by amending the Act in September of 1984, *see* 33 U.S.C. § 905(a), as amended by P.L. 98–426, 98 Stat. 1639 (1984). After this reversal, we again held that the LHWCA's immunity rule controlled in a diversity action in which an employee of a subcontractor sued the contractor on a state law negligence theory. *See Martin,* 746 F.2d at 232. The result was that Mississippi's provision of immunity for statutory employers did not bar claimant's tort suit.

The Louisiana courts have rejected the reasoning of *Jenkins* and *Martin,* however. In *Lewis, supra,* a Louisiana court concluded that Congress did not intend to negate the available defenses provided by state law to third party claims brought pursuant to state law. 508 So.2d at 982. It relied on the Fourth Circuit's decision in *Garvin v. Alumax of South Carolina, Inc.,* 787 F.2d 910 (4th Cir.1986), where the court reasoned that "Congress has not purported to prescribe the immunity rules

to be applied by states in actions brought upon state law claims." *Id.* at 917.  South Carolina's rule of immunity was not in conflict with the LHWCA and therefore was applied to bar plaintiff's state tort claim.  The Louisiana courts have continued to follow this reasoning since *Lewis. See Crater v. Mesa Offshore Co.,* 539 So.2d 88 (La.App. 3rd Cir.1989);  *Griffis v. Gulf Coast Pre–Stress Co.,* 563 So.2d 1254 (La.App. 1st Cir.1990).

The district court reasoned that it was bound by the Louisiana courts' resolution of this issue because it sat as a diversity court.  *See Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938);  *Mozeke v. International Paper Co.,* 856 F.2d 722, 724 (5th Cir.1988).  It noted that *Jenkins* and *Martin* were decided before *Lewis* and its progeny, and that "federal courts sitting in diversity in this Circuit are obliged to apply the latest and most authoritative expression of state law applicable to the facts of a case." *Lamarque v. Massachusetts Indemnity & life Insurance Co.,* 794 F.2d 194, 196 (5th Cir.1986).

We agree with the district court's reasoning for issues of state law.  The *Erie* doctrine does not apply, however, in matters governed by the federal Constitution or by acts of Congress.  304 U.S. at 78, 58 S.Ct. at 822.  It is beyond cavil that we are not bound by a state court's interpretation of federal law regardless of whether our jurisdiction is based on diversity of citizenship or a federal question. *See Pauk v. Board of Trustees of City University of New York,* 654 F.2d 856, 866 n. 6 (2nd Cir.1981) (a state court decision cannot preclude a federal court's more authoritative decision on matters of federal law);  *cf. In re Asbestos Litigation,* 829 F.2d 1233, 1237 (3rd Cir.1987) ("The federal district court ... takes as its authority on federal constitutional issues decisions of the United States courts of appeals and the United States Supreme Court, rather than those of the state supreme court.").

The issue of whether the state or federal immunity rule applies here is a question of federal law.  As the Supreme Court has observed, "[w]hen state law creates a cause of action, the state is free

to define the defenses to the claim, including the defense of immunity, *unless the state rule is in conflict with federal law.*" *Ferri v. Ackerman,* 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979). When the Court considered in *Ferri* whether federal law was in fact in conflict with the state immunity rule, that is whether the Criminal Justice Act required the state to accept respondent's immunity defense, it did so as a matter of federal law. The issue may properly be characterized as whether federal law preempts state law, which is of course a federal law matter. *See Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984); *Atkinson v. Gates, McDonald & Co.,* 838 F.2d 808 (5th Cir.1988). Indeed, the state court decisions on which the district court relies indicated that their rulings were governed by federal law—the effect of the LHWCA on the availability of the state law immunity for statutory employers. *See Lewis,* 508 So.2d at 981–82 (relying on the Fourth Circuit's interpretation of the LHWCA in *Garvin* ).

Of course, the fact that a federal issue is involved in the case does not mean that the case "arises under" federal law for the purposes of asserting federal question jurisdiction. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). We have in fact explained that § 905(a) of the LHWCA does not give rise to federal question jurisdiction. *Griffis v. Gulf Coast Pre–Stress Co.,* 850 F.2d 1090, 1092 (5th Cir.1988). The issue of whether the state immunity rule is preempted by the LHWCA is nevertheless an issue of federal law.

The district court erred in following the decisions of the Louisiana courts rather than that of this circuit on an issue of federal law. We recognize that our decisions in *Jenkins* and *Martin* did not address the Supreme Court's holding in *Sun Ship Inc. v. Pennsylvania,* 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980), where the court held that the LHWCA supplements rather than supplants state workers' compensation schemes. We do not purport to address *Sun Ship* here; nor do we consider whether our decision in *Martin* or those of the Fourth Circuit and the courts of Louisiana reach the better result. There is a powerful argument that we have taken a wrong turn. A conflict

between the Fourth and Fifth Circuits over a significant maritime issue should not be left unresolved by our court en banc. This panel can only say that it is bound by the prior decisions of this court as was the district court.

REVERSED.