United States Court of Appeals,

Fifth Circuit.

No. 92-3651.

Jerry CHARLES, Sr., et al., Plaintiffs,

Jerry Charles, Sr., Plaintiff-Appellant,

and

McDermott, Inc., Intervenor-Appellant,

v.

UNITED STATES of America, et al., Defendants-Appellees.

Nov. 15, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before KING and EMILIO M. GARZA, Circuit Judges, and COBB[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

The plaintiff, Jerry Charles, Sr., worked on a painting and sandblasting crew, constructing a ship for the United States Navy. Charles sued the United States under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 1346(b) (1988), for injuries he suffered in the course of his employment. The district court granted summary judgment in favor of the government, *see* Fed.R.Civ.P. 56, on the grounds that the government was Charles's employer, and therefore it was immune from suit under the Louisiana worker's compensation statute. *See* La.Rev.Stat.Ann. § 23:1032 (West Supp.1993). Charles appeals,[1] and we affirm.

Charles worked for McDermott, Inc. as a leaderman on a painting and sandblasting crew which was helping to construct a torpedo test craft for the Navy. As Charles left the vessel and walked across the shipyard, a Navy employee struck him with a Navy van, seriously injuring him. Since the accident, Charles has received benefits procured by McDermott pursuant to the Longshore

---

[*]District Judge of the Eastern District of Texas, sitting by designation.

[1]Intervenor McDermott, Inc. also appeals, adopting the brief submitted by Charles. For the sake of convenience, we refer only to Charles in discussing the arguments raised on appeal.

and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950 (1988).

Charles contends that the government is not entitled to immunity under the Louisiana worker's compensation statute, and therefore the district court erred by granting summary judgment. Relying chiefly on our decision in *Grantham v. Avondale Industries, Inc.,* 964 F.2d 471 (5th Cir.1992), Charles argues that the statutory immunity defense provided by Louisiana is inapplicable here because he has received benefits under the LHWCA. Charles misconstrues our holding in *Grantham.*

Charles cites *Grantham* for the proposition that "the statutory employer defense embodied in Louisiana's worker's compensation law is unavailable to an entity like [the United States] when the injured plaintiff receives LHWCA benefits from his real employer." Our holding in *Grantham* was not so broad. Grantham sued Avondale on account of injuries he suffered while painting and sandblasting a ship which Avondale was constructing for the Navy. *See Grantham,* 964 F.2d at 472. Avondale moved for summary judgment on the grounds that it was Grantham's employer and was therefore entitled to immunity under the Louisiana worker's compensation law. *See id.* It was undisputed that Avondale was entitled to immunity under the Louisiana law. *See id.* It was also undisputed that Grantham had received benefits under the LHWCA, and that under the LHWCA Avondale was not immune. *See id.* Faced with this conflict between state and federal immunity rules, the district court applied the state rule, in conformity with decisions of the Louisiana courts, reasoning that it was bound to do so by *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See Grantham,* 964 F.2d at 473. We reversed, holding that "whether the state or federal rule of immunity applies is a federal question, and the district court was controlled by the decisions of this court." *Id.* at 472. Because the decisions of this Court had resolved similar conflicts by applying the federal rule, *see Martin v. Ingalls Shipbuilding,* 746 F.2d 231, 232 (5th Cir.1984) (applying LHWCA immunity rule rather than Mississippi worker's compensation rule), the effect of our holding was that the state law immunity defense was not available to Avondale.

However, *Grantham* is distinguishable from this case, and does not support the proposition that Louisiana's immunity defense is unavailable to the United States here. In *Grantham* state and

federal immunity rules were in direct conflict, *see id.* at 473, but no such conflict is presented here. This lawsuit was brought under the FTCA, and the FTCA expressly requires that the liability of the United States be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (1988). The law of the place where the act or omission occurred in this case is the law of the State of Louisiana, *see Sanchez v. Rowe,* 870 F.2d 291, 295 (5th Cir.1989); *Thomas v. Calavar Corp.,* 679 F.2d 416, 418 (5th Cir.1982), and it is undisputed that that law makes the government immune from suit even though Charles has received benefits under the LHWCA. *See Griffis v. Gulf Coast Pre-Stress Co., Inc.,* 563 So.2d 1254, 1254-55 (La.App. 1st Cir.), *writ denied,* 568 So.2d 1054 (La.1990); *Crater v. Mesa Offshore Co.,* 539 So.2d 88, 90-91 (La.App. 3d Cir.), *writ denied,* 542 So.2d 1382, *writ denied,* 543 So.2d 4 (La.), cert. denied, 493 U.S. 905, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989); *Lewis v. Modular Quarters,* 508 So.2d 975, 980-82 (La.App. 3d Cir.), *writ denied,* 514 So.2d 127 (La.1987), *cert. denied,* 487 U.S. 1226, 108 S.Ct. 2886, 101 L.Ed.2d 920 (1988).[2] Because this case presents no conflict between federal and state immunity rules, our holding in *Grantham* is inapposite, and Charles's reliance on *Grantham* is misplaced.

Charles also contends that the government is not entitled to immunity because he was not an employee of the government at the time of the accident. Under Louisiana law, a government agency for whom a contractor is performing work is the statutory employer of the contractor's employee if the work in which the employee is engaged is part of the agency's trade, business or occupation. *See Leigh v. Nat'l Aeronautics and Space Admin.,* 860 F.2d 652, 653 (5th Cir.1988) (citing *Klohn v. Louisiana Power & Light,* 406 So.2d 577, 580-81 (La.1981)). It is undisputed that on the day of the

---

[2]Charles argues that we should reverse the district court's order of summary judgment because Louisiana's employer immunity law is "a brutal, archaic legal fiction whose ambit has been extended well beyond the purpose of its enactment years ago." This argument is without merit. A court applying the FTCA is bound to apply the law of the place where the act or omission occurred, not "whatever law it [feels] to be most enlightened." *Gard v. United States,* 594 F.2d 1230, 1234 (9th Cir.), *cert. denied,* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1979). Furthermore, the Louisiana courts apparently do not share Charles's view that the statutory employer immunity defense has been extended beyond its proper boundaries. *See Griffis,* 563 So.2d at 1254-55 (affirming order of summary judgment on basis of statutory employer immunity); *Crater,* 539 So.2d at 90-91 (same); *Lewis,* 508 So.2d at 980-82 (same).

accident Charles was working on a torpedo test craft which McDermott was constructing for the Navy. According to the affidavit of a Navy official, vessels of that kind are "essential to the Navy's mission of constructing and deploying modern weapons systems to defend the United States from attack, as required by 10 U.S.C. § 7310."[3] Nevertheless, Charles points out that he was not on the Navy vessel at the time of the accident, and he contends that the facts do not show that the Navy vessel was the only thing he was working on when the accident occurred. However, Charles does not contend, and the record before us in no way suggests, that Charles was working on anything other than the Navy's torpedo test craft. The only relevant evidence which appears in the record is an excerpt from Charles's deposition, in which he states that on the day of the accident he was working on a ship which was being built for the Navy. Therefore, the record shows that Charles was doing work which was part of the Navy's trade, business, or occupation, and Charles raises no genuine issue of fact as to whether the Navy was his statutory employer.[4] *See* Fed.R.Civ.P. 56(c) (providing for summary judgment where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law").

Charles also contends that he is not covered by the Louisiana worker's compensation law, and therefore the government is not entitled to immunity under that law, because he received benefits under the LHWCA and did not receive Louisiana worker's compensation benefits. Charles relies

---

[3] 10 U.S.C. § 7310 (West Supp.1993) directs the Navy to "develop plans and programs for the construction and deployment of weapons systems ... that are more survivable, less costly, and more effective than those in the Navy on October 20, 1978."

[4] At oral argument Charles contended that construction of the torpedo test vessel was not part of the government's business, trade, or occupation. We decline to consider this argument, however, because it was not briefed. *See United States v. Valdiosera-Godinez,* 932 F.2d 1093, 1099 (5th Cir.1991) ("[A]ny issues not raised or argued in the appellant's brief are considered waived and will not be entertained on appeal."), *cert. denied,* --- U.S. ----, 113 S.Ct. 2369, 124 L.Ed.2d 275 (1993).

Charles also contends that the district court should have applied *Berry v. Holston Well Serv., Inc.,* 488 So.2d 934 (La.1986), which narrowed the category of parties that are immunized by Louisiana's worker's compensation law as statutory employers. *See id.* Charles is incorrect. *See Leigh v. Nat'l Aeronautics and Space Admin.,* 860 F.2d 652, 653 (5th Cir.1988) (holding that *Berry* does not narrow the category of *government* employers immunized by the Louisiana law) (citing *Hebert v. United States,* 860 F.2d 607, 608 (5th Cir.1986)).

upon La.Rev.Stat.Ann. § 23:1035.2 (West Supp.1993), which provides that "[n]o compensation shall be payable in respect to the disability or death of any employee covered by the ... [LHWCA]." *Id.* Charles contends that that section "is a clear interpretation by the Louisiana Legislature" that Louisiana's statutory employer immunity defense "is not available to strip the rights of" plaintiffs who receive benefits only under the LHWCA. We disagree. Louisiana courts apply the state law immunity rule even where the plaintiff receives benefits only under the LHWCA. *See Griffis,* 563 So.2d at 1254-55; *Crater,* 539 So.2d at 90-91; *Lewis,* 508 So.2d at 980-82. Moreover, since the passage of § 23:1035.2 in 1989, Louisiana courts have not held that that section counsels in favor of a different result. Charles's argument is therefore without merit.

For the foregoing reasons, we AFFIRM.