**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-4229**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSE SHANE OWENS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:18-cr-00674-HMH-1)

———————————

Submitted:  September 30, 2022                    Decided:  December 20, 2022

———————————

Before RUSHING and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

**ON BRIEF:** Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Andrew B. Moorman, Sr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Shane Owens was convicted, following a bench trial, of possessing firearms and ammunition while he was subject to a domestic violence protective order, in violation of 18 U.S.C. §§ 922(g)(8), 924(a)(2). The district court sentenced Owens to 80 months' imprisonment. On appeal, Owens argues that he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and contends that the protective order was an invalid predicate for a § 922(g)(8) offense. Owens also challenges the propriety of his sentence on several grounds, including that the district court failed to orally pronounce several discretionary conditions of supervised release. For the following reasons, we affirm in part, vacate in part, and remand for resentencing.

First, Owens contends that he is entitled to relief under *Rehaif* and that this court should vacate his conviction because the indictment did not allege—and the Government did not prove—that he was aware of his prohibited status at the time he possessed a firearm. Because Owens did not raise this issue in the district court, we review only for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights." *United States v. Caldwell*, 7 F.4th 191, 211 (4th Cir. 2021). With respect to the third prong, when a defendant has been convicted following a trial, he must show that without the error, "there is a reasonable probability that he would have been acquitted." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted) (in context of jury trial). "If those three [plain-error] requirements are met, an appellate court may grant relief if it

2

concludes that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2096-97 (internal quotation marks omitted).

There was plain error under *Rehaif* in this case because the indictment did not allege, and the district court did not acknowledge at the bench trial, that § 922(g) included as an element Owens' knowledge of his prohibited status. *See id.* at 2097. However, after reviewing the parties' briefs and the record, we conclude that Owens does not show that a *Rehaif* error affected his substantial rights. In the context of § 922(g)(8), "as *Rehaif* instructs, the statute requires that [Owens] had factual knowledge that he (1) possessed a firearm and (2) was subject to a protective order." *United States v. Kaspereit*, 994 F.3d 1202, 1208 (10th Cir. 2021). "[T]he same evidence that shows a defendant is objectively subject to a qualifying order will often also provide sufficient circumstantial evidence to infer the defendant's subjective knowledge of his status." *United States v. Boyd*, 999 F.3d 171, 180 (3d Cir.) (emphasis omitted), *cert. denied*, 142 S. Ct. 511 (2021). In light of Owens' receipt of a copy of the protective order that indicated he was subject to a federal prohibition on firearms, there is no reasonable probability that Owens would have been acquitted at trial, *see id.* at 180-81, and, accordingly, Owens does not show that his substantial rights were affected by a *Rehaif* error.

Second, Owens argues that the domestic violence protective order was an invalid predicate for a § 922(g)(8) offense. We disagree. To the extent Owens' claims rely on legal rulings from South Carolina state courts, federal courts "are not bound by a state court's interpretation of federal law" when addressing "matters governed by the federal Constitution or by acts of Congress." *Grantham v. Avondale Indus., Inc.*, 964 F.2d 471,

3

473 (5th Cir. 1992).  Further, we agree with the decisions of our sister circuits precluding a defendant in a § 922(g)(8) prosecution from mounting a collateral attack on the merits of the underlying state protective order.  *See, e.g.*, *United States v. Westcott*, 576 F.3d 347, 351-52 (7th Cir. 2009); *United States v. McIlwain*, 772 F.3d 688, 698 (11th Cir. 2014) (applying § 922(g)(8) precedent in context of § 922(g)(4) conviction).  Owens' arguments regarding the protective order therefore do not entitle him to relief.

Finally, we turn to Owens' sentence.  "[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court."  *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *see United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020).  We have reviewed the record and agree that the district court did not pronounce at Owens' sentencing hearing several of the discretionary conditions of supervised release that were included in the written judgment.[1]  Further, "while a district court may incorporate by reference a condition or set of conditions during a hearing," that did not occur here.  *Singletary*, 984 F.3d at 346.  Because several non-mandatory conditions of Owens' supervised release were not orally pronounced at sentencing and "appear for the first time in a subsequent written judgment," Owens "has not been sentenced to those conditions, and a remand for resentencing is required."  *Id.* at 344.

---

[1] The district court did not have the benefit of our decisions in *Singletary* and *Rogers* when it entered judgment in this case.

4

We therefore affirm Owens' conviction, vacate his sentence, and remand for resentencing.[2] The mandate shall issue forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

[2] Because the sentence was not properly imposed, we do not address at this juncture any other potential issues related to Owens' sentence. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).