Kirk J. LeSASSIER, Plaintiff-Appellant,

v.

CHEVRON USA, INC.,
Defendant-Appellee.

No. 85–3090.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1985.

---

Timothy L. McCune, Carter B. Wright, New Orleans, La., for plaintiff-appellant.

McLoughlin, Barranger, Provosty & Melancon, Lloyd C. Melancon, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, and WILLIAMS and HIGGINBOTHAM, Circuit Judges.

## OPINION

PER CURIAM:

Appellant LeSassier sued his former employer Chevron USA, Inc. He alleged that after he was injured on a fixed platform located off the Louisiana coast, he had filed a successful claim for benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. In retaliation, Chevron had discharged him. Appellant had then brought this diversity suit for retaliatory discharge, claiming under Louisiana law. LSA–R.S. 23:1361 B (prohibiting discharge because of employee's assertion of claims under Louisiana law, other states' laws, or laws of the United States).

Chevron moved for summary judgment. In considering Chevron's motion, the district court noted that the platform on which LeSassier was injured is located on the "Outer Continental Shelf" (OCS), as defined in the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331(a). The court granted summary judgment for Chevron. It reasoned that because the OCSLA specifically adopts the LHWCA, 43 U.S.C. § 1333(b), which itself contains a retaliatory discharge provision, 33 U.S.C. § 948a, appellant could not rely on state law. Instead, appellant was required to exploit the administrative remedy for retaliatory discharge provided by § 948a.

In reaching this result, the court acknowledged that OCSLA does adopt adjacent state law, but only to the extent that it is "applicable and not inconsistent with [the OCSLA] or with other Federal laws." 43 U.S.C. § 1333(a)(2)(A). The court held that as to a retaliatory discharge claim there was neither a gap in the OCSLA/LHWCA statutory scheme nor a jurisdictional dilemma as required by those cases recognizing the need for "concurrent jurisdiction necessary for the protection of workers who

might otherwise assert their rights under the 'wrong' act."

Appellant timely appealed to this Court.

## I.

█ In asserting that the district court erred, appellant first argues that while his injury occurred on a platform subject to the OCSLA, the retaliatory discharge tort did not occur on that platform. Appellant concludes, therefore, that the retaliatory discharge claim should not be governed by the OCSLA/LHWCA provisions.

There is no merit to appellant's on-the-platform/off-the-platform distinction. The parties do not dispute that the appellant's injury occurred on an OCS-based platform and that the LHWCA is applicable to this case. 43 U.S.C. § 1333(b). But, it would defy reason to suggest that by enacting the LHWCA's retaliatory discharge provision, 33 U.S.C. § 948a, Congress contemplated that covered retaliatory discharges had to occur on an OCS platform. It is wholly unrealistic to suggest that a platform worker could be injured on a platform, file a compensation claim, and be discharged *before* he departed that work site, or even that a claimant would be discharged before departing the platform in anticipation of a compensation claim.

"Retaliatory discharge" by definition contemplates the filing of a compensation claim. We need consult nothing more than common sense to conclude that such compensation claims are filed after the worker has departed the platform. In turn a retaliatory discharge would come even later. Congress obviously intended the LHWCA's retaliatory discharge provision to apply to a claim such as this. *See also Nations v. Morris*, 483 F.2d 577, 584 (5th Cir.), *cert. denied*, 414 U.S. 1071, 94 S.Ct. 584, 38 L.Ed.2d 477 (1973). Appellant can cite neither legislative history nor valid case law in support of his interpretation.

## II.

█ Relying on *Thompson v. Teledyne Movible Offshore, Inc.*, 419 So.2d 822 (La.

1982), *appeal dism'd*, 464 U.S. 802, 104 S.Ct. 48, 78 L.Ed.2d 69 (1983), appellant further argues that the district court erred in concluding that the exclusivity provisions of the OCSLA/LHWCA scheme apply to a retaliatory discharge claim because such a claim does not involve "disability or death of an employee resulting from any injury occurring ... on the outer Continental Shelf...." 43 U.S.C. § 1333(b). This OCSLA provision is the one which specifies the circumstances under which LHWCA is applicable. Rather, appellant urges, "[i]t is the discharge of ... LeSassier which forms the basis of his claim." Appellant asserts that Congress could have but did not include his retaliatory discharge claim in the LHWCA's exclusivity provisions, 33 U.S.C. § 905. Finally, he insists that 43 U.S.C. § 1333(a)(2)(A) permits the invocation of "adjacent State" law, which would include Louisiana's retaliatory discharge statute.

These arguments also are without merit. Appellant closes his eyes to all but one part of the statutory scheme. He points to no authority suggesting that this Court can assist him in selectively applying only those parts of the overall LHWCA statutory structure which he happens to favor and ignore less favorable provisions. The cases he cites provide no support.

It is true that 43 U.S.C. § 1333(a)(2) "provides the workers on the shelf any remedy which might be available under state law as long as that remedy is not inconsistent with federal law." *Bourg v. Texaco Oil Co.*, 578 F.2d 1117, 1120 (5th Cir.1978). And it has been argued that state provisions which merely duplicate or supplement federal provisions are not "inconsistent" or otherwise barred, even if parallel state provisions result in superior awards. *Thompson v. Teledyne Movible Offshore, Inc.*, *supra*, held that Louisiana courts have subject matter jurisdiction over an OCS worker's claim for state compensation benefits notwithstanding claimant's entitlement to and receipt of LHWCA benefits.

The Louisiana Supreme Court in the *Thompson* case relied upon *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 724, 100

S.Ct. 2432, 2438, 65 L.Ed.2d 458 (1980), in which the Court said: "... [W]e find no evidence that Congress was concerned about a disparity between adequate federal benefits [under land-based LHWCA claims] and *superior* state benefits." (emphasis in original). *Sun Ship,* however, did not involve an OCSLA-based compensation claim. Rather, the Supreme Court in *Sun Ship* grappled with the historic uncertainty that existed for LHWCA claims not involving the OCSLA. The Court specifically focused on workers who, because there were "three jurisdictional spheres" into which non-OCSLA marine-related injuries fell, were confronted by a "jurisdictional dilemma" due to a "twilight zone" at which state remedies abut or overlap federal remedies. 447 U.S. at 719, 100 S.Ct. at 2435.

Earlier Supreme Court precedent had established concurrent jurisdiction in order to prevent jeopardizing maritime worker compensation claims because of this difficult jurisdictional matter. 447 U.S. at 718, 100 S.Ct. at 2435; *see also Director, Etc. v. Perini North River Associates,* 459 U.S. 297, 306, 103 S.Ct. 634, 641, 74 L.Ed.2d 465 (1983) (detailing the evolution of case law in this area). Viewing relevant 1972 LHWCA amendments in this light, *Sun Ship* concluded that Congress did not wish to alter the concurrent jurisdiction surrounding those claims, but instead meant to address "the paucity of relief under *state* compensation laws" and to " 'upgrade the benefits.' " 447 U.S. at 723, 100 S.Ct. at 2438 (emphasis in original).

In this case, however, there is presented a OCS-based claim—not the issue in *Sun Ship.* In addition, appellant points to no congressional intent regarding the *Sun Ship* difficulties in a need to upgrade compensation benefits. Nor does there exist in this case a "twilight zone" or confusing concurrent jurisdictional realm within which compensation claims may be misdirected.

The *Thompson* court also relied on *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 481, 101 S.Ct. 2870, 2876, 69 L.Ed.2d 784 (1981). In that case the Court concluded; "Nothing inherent in exclusive federal sovereignty over a territory precludes a state court from entertaining a personal injury suit concerning events occurring in the territory *and governed by federal law.*" *Id.* at 481, 101 S.Ct. at 2876 (emphasis added). The *Thompson* court reasoned that since *Gulf Offshore* found nothing to prevent the state courts' assumption of jurisdiction over OCS claims generally, it followed that there is nothing to prevent the application of state compensation law. 419 So.2d at 827.

Precedent, however, rejects this interpretation of *Gulf Offshore.* Even though that case stated that "[the] OCSLA borrows the 'applicable' and not inconsistent laws of the adjacent States as surrogate federal law [ ]," 453 U.S. at 480, 101 S.Ct. at 2876, this Court has consistently held that " 'applicable' must be read in terms of necessity— necessity to fill a significant void or gap." *Nations,* 483 F.2d at 585 (footnote omitted) (citing *Rodrigue v. Aetna Casualty Co.,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969), and *Continental Oil Co. v. London Steam-Ship Owner's Mutual Ins. Assoc. Ltd.* 417 F.2d 1030, 1036 (5th Cir.1969), *cert. denied,* 397 U.S. 911, 90 S.Ct. 911, 25 L.Ed.2d 92 (1970)).

Such a gap did exist in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 104, 92 S.Ct. 349, 354, 30 L.Ed.2d 296 (1971), which held that the state statute of limitations applies to personal injury actions arising under OCSLA. So also was a gap found in *Bonner v. Chevron, USA,* 668 F.2d 817, 819 (5th Cir. 1982), holding that Louisiana law became "surrogate federal law" applicable to the claim of a worker suing other than his own employer where the accident causing his injuries occurred on fixed platform located on the outer continental shelf off Louisiana coast. But, such a gap does not exist in this case where Congress provided a specific statutory provision (33 U.S.C. § 948a) to address retaliatory discharges.

To summarize, there is no authority permitting appellant to invoke the state retaliatory discharge remedy over its LHWCA counterpart. We conclude that LeSassier's

non-exclusivity argument is without merit. Accordingly, the district court summary judgment in favor of Chevron must be affirmed.

AFFIRMED.