617 So.2d 959 (1993)
Leroy MOSS
v.
DIXIE MACHINE, WELDING AND METAL WORKS, INC., et al.
No. 93-C-0407.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1993.
Writ Denied June 25, 1993.
*960 Richard S. Vale, Blue, Williams & Buckley, Metairie, for relator.
David S. Scalia, Schoemann & Associates, New Orleans, for respondent.
Before KLEES, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
We grant supervisory writs on the application of Dixie, Welding Machine and Metal Works, Inc., to review the trial court's denial of relator's exception of lack of subject matter jurisdiction.
This litigation arises from an accident which occurred on May 19, 1992. The plaintiff/respondent, Leroy Moss, was working as a welder/fitter on board a Lykes Brothers ship at the Andrews Street Wharf in New Orleans. Moss alleges that a co-employee, "Major", began an argument, pulled a knife, and threatened to kill him. Moss reported the incident to the foreman, "Tony", who did nothing to protect Moss or terminate Major. When Moss returned to work, Major again attacked him. Moss slipped and fell while trying to avoid the attack and was injured by his fall onto a large metal object on the ship which is used to tie it up. Moss filed a "Petition For Intentional Tort" in state court alleging that he reported the incident and his injuries to the superintendent, "Eli", who shortly thereafter fired the plaintiff.
In that petition, Moss named as the defendants, "Major", the foreman "Tony", the superintendent "Eli", and the common employer of all the men, Dixie Machine, Welding and Metal Works Inc., the relator (hereinafter referred to as Dixie). Moss sought damages due to his injuries which he alleged were the result of intentional actions on the part of the individual defendants and for which Dixie was vicariously liable. Moss further sought damages from Dixie for its failure to maintain a safe worksite, failure to maintain order among its employees, and for wrongful discharge.
In response to the plaintiff's petition, Dixie filed an exception of lack of subject matter jurisdiction alleging that the plaintiff's claims were covered by the Longshoreman's and Harbor Workers' Compensation Act (LHWCA) and that the claims were thus preempted by virtue of R.S. 23:1035.2. That exception was denied by the trial court, and the relator now seeks supervisory review of that ruling.
In support of its exception, the relator relies exclusively upon La.R.S. 23:1035.2 of the Louisiana Worker's Compensation Act which provides:
No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoreman's and Harbor Worker's Compensation Act, or any of its extensions, or the Jones Act. [Footnote omitted]
The relator's argument is that the plaintiff is covered under the LHWCA and thus can have no claims under the Louisiana Worker's Compensation Act. Therefore his claims cannot be adjudicated by a Louisiana court. The relator provides no jurisprudential authority for this position. However, there is clear jurisprudence to support a finding that the Louisiana court has concurrent jurisdiction with the Federal courts to hear matters which may fall under the LHWCA. Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980); Jackson v. Lykes Bros. Steamship Co., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488 (1967); Logan v. Louisiana Dry Dock Co., Inc., 541 *961 So.2d 182 (La.1989), cert. dismissed 492 U.S. 939, 110 S.Ct. 30, 106 L.Ed.2d 639.[1] See also Green v. Industrial Helicopters, Inc., 593 So.2d 634 (La.1992), cert. den. ___ U.S. ___, 113 S.Ct. 65, 121 L.Ed.2d 32.
A second consideration in this matter is that the two claims asserted by the plaintiff, intentional tort and wrongful or retaliatory discharge, are actually not worker's compensation claims under Louisiana law. La.R.S. 23:1032 specifically provides that liability for intentional acts is not governed by the Louisiana Worker's Compensation Law. As to the retaliatory discharge claim, the Louisiana Supreme Court recently held in Sampson v. Wendy's Management, Inc., 593 So.2d 336, 338 (La.1992) that "the cause of action created by LSA-R.S. 23:1361 constitutes a delictual employment law matter, as a statutory exception to employment at will, rather than a worker's compensation matter." The district court is a proper forum to hear such a claim.
LSA-R.S. 23:1035.2 bars recovery under the Louisiana Worker's Compensation Law only if the claim is also covered under the LHWCA. Claims for wrongful discharge or intentional tort are not worker's compensation claims. They are not barred by LSA-R.S. 23:1035.2. Furthermore, it has been held that the wrongful discharge remedy provided under the LHWCA, § 948a, does not preempt a similar state remedy and cause of action. Wallace v. Ryan-Walsh Stevedoring Co., Inc., 708 F.Supp. 144 (E.D.Tex.1989).
With the exception of paragraphs X, XV, XVI, and XVIII the first eighteen paragraphs of plaintiff's petition contain allegations sufficient to state intentional tort claims which would not be covered by the worker's compensation act. Adams v. Time Saver Stores, Inc., 615 So.2d 460 (La.App. 4 Cir.1993); Williams v. Gervais F. Favrot Co. Inc., 573 So.2d 533 (La.App. 4 Cir.1991); Robertson v. La Place Concrete, Inc., 560 So.2d 561 (La.App. 5 Cir. 1990).
We find no merit in Dixie's exception. The ruling of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The relator conceded in its exception of no jurisdiction that the plaintiff falls within the scope of both the Louisiana Compensation Act and the LHWCA, i.e., the "twilight zone" of concurrent jurisdiction.