**TORCH OPERATING COMPANY,**
Appellant,

v.

**Gary W. BARTELL and Wife,**
**Penny Bartell, Appellees.**

No. 13–92–460–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 28, 1993.

Rehearing Overruled Nov. 30, 1993.

H. Lee Lewis, Jr., Griggs & Harrison, Houston, for appellant.

W. Mark Lanier, Houston, for appellees.

Before SEERDEN, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

*OPINION*

KENNEDY, Justice.

Torch Operating Company appeals a judgment granted after a bench trial awarding damages to Gary and Penny Bartell for personal injuries to Gary Bartell. Torch raises two points of error. We affirm the judgment.

The facts are not disputed on appeal. Mr. Bartell was employed by Plaisance Inspection & Enterprises, Inc. Torch hired Plaisance to do work on a fixed platform located on the outer continental shelf off the Louisiana coast. Mr. Bartell was injured while working on the platform. He began receiving workers' compensation benefits from Plaisance under the Longshore and Harbor

Workers' Compensation Act through the Outer Continental Shelf Lands Act. 33 U.S.C. § 901, *et seq.* (LHWCA); 43 U.S.C. § 1331, *et seq.* (OCSLA). The Bartells alleged various causes of action against several companies, nonsuiting one, having a directed verdict granted in favor of three, and failing to serve a fifth. The court awarded judgment to the Bartells against Torch.

By point of error one, Torch contends that the court erred in rendering judgment under OCSLA because the Bartells failed to plead a cause of action under OCSLA. Torch correctly notes that the Bartells' Original Petition asserted, "This is a Jones Act case. Plaintiffs allege facts *only* under that theory. *Plaintiffs seek only Jones Act relief.* Plaintiffs choose this state court for Plaintiff's Jones Act case." (italics ours). Torch filed special exceptions to the Original Petition which were sustained. The Bartells filed an amended petition in response to the special exceptions.

The Bartells later filed several amended petitions not in response to the special exceptions that added causes of action. The Bartells eliminated the italicized portion of the above-quoted excerpt from the Original Petition and added claims for strict liability and negligence. In the midst of the paragraph alleging strict liability in the Sixth Amended Original Petition, the Bartells state, "Plaintiffs also sue Defendants for general negligence arising out of this accident. General negligence is applicable under the appropriate Federal standards applying to this accident." The Bartells then allege several specific failings by the defendants regarding the safety of the rig. The Bartells also allege that the accident occurred in West Delta Block 152, a geographical description that places the platform on the outer continental shelf. Torch filed no special exceptions to the amended petitions.

■ In evaluating the sufficiency of the pleading, we must decide whether the court could, from examining the pleading alone, ascertain with reasonable certainty the elements of the causes of action. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied). We will construe the pleadings as favorably

as possible to the pleader. *Id.* This is particularly true in the absence of special exceptions. *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex.1977). We will look to the pleader's intent and uphold the pleading, even if the pleader has not specifically alleged some element of a cause of action. *Gonzalez,* 814 S.W.2d at 112, *quoting Gulf, C. & S.F. Ry. Co. v. Bliss,* 368 S.W.2d 594, 599 (Tex.1963). "Every fact will be supplied that can reasonably be inferred from what is specifically stated." *Gonzalez,* 814 S.W.2d at 112, *quoting Bliss,* 368 S.W.2d at 599. The goal is to ensure that the opposing party gets sufficient information to supply fair and adequate notice of the facts on which the pleader bases the claim. *Roark v. Allen,* 633 S.W.2d 804, 810 (Tex.1982); *see also* TEX.R.CIV.P. 47(a). The pleader need not plead the specific statute on which the claim is based. *Colbert v. Dallas Joint Stock Land Bank of Dallas,* 129 Tex. 235, 102 S.W.2d 1031, 1033 (1937); *Bellefonte Underwriters Ins. Co. v. Brown,* 663 S.W.2d 562, 575 (Tex.App.— Houston [14th Dist.] 1983), *aff'd in part and rev'd on other grounds,* 704 S.W.2d 742 (Tex. 1986).

■ We find that the petition provides a barely acceptable amount of information on which to base an OCSLA claim. It notifies the reader that the Bartells sue for negligence under federal standards for an accident involving dangerous deck grating, an oil rig, and a location on the outer continental shelf. Looking at the pleadings favorably, making reasonable inferences, and attempting to uphold the pleading, we find that it sufficiently notifies the court and the opposing party of the claim on which the Bartells prevailed. In no way do we advocate that others emulate this pleading when attempting to invoke OCSLA. Even with the boost of all the presumptions in its favor, it still scrapes the bar as it clears the standard.

■ Since we have found that the Bartells stated a cause of action under OCSLA, the bases of Torch's point one are defeated. The alternate bases—that the OCSLA claim was unpleaded, that evidence regarding the OCSLA claim was inconsistent with the pleadings, that there was no trial by consent of the

OCSLA claim, and that the Bartells failed to prove the cause of action they pleaded—all fail. These arguments are predicated on a view that the pleading was limited to Jones Act, strict liability, and contract damages. Though the Jones Act requirements that the injured party be a seaman attached to a vessel are inconsistent with the OCSLA claim that Bartell was a worker on a fixed platform, pleading of such inconsistent grounds is allowed. Tex.R.Civ.P. 47. Our finding that the OCSLA claim was pleaded eliminates the need for trial by consent, makes the introduction of OCSLA evidence consistent with the pleadings, and allows the Bartells to prove a claim that they pleaded. We overrule point one.

■■ By point of error two, Torch contends that the Bartells' claims against Torch are barred by the immunity provided by Louisiana's workers' compensation act. Torch contends that the state's immunity for contractors should apply instead of the LHWCA's more restricted immunity. The LHWCA provides that it is the exclusive remedy for employees against their employers. 33 U.S.C.A. § 905(a) (West 1986). Contractors may claim this immunity from tort liability to a subcontractor's employee only if the subcontractor fails to provide workers' compensation benefits. 33 U.S.C.A. §§ 904(a), 905(a) (West 1986). Under Louisiana's workers' compensation system, however, a contractor has tort immunity from a subcontractor's injured employee if the employee was injured doing the subcontracted work and the subcontractor is paying workers' compensation. La.Rev.Stat.Ann. §§ 23:1032 & 23:1061 (West 1990); Crater v. Mesa Offshore Co., 539 So.2d 88, 92–93 (La. Ct.App.—3rd Cir., writ denied), cert. denied, 493 U.S. 905, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989). Under both schemes, Plaisance's payment of workers' compensation gives it immunity from tort actions by the Bartells, but under Louisiana law, Plaisance's payment of workers' compensation would protect Torch as well. Torch claims that it is entitled to invoke the state law immunity in a case where the plaintiff is receiving benefits under LHWCA through OCSLA.

We begin our analysis by looking at the interplay of LHWCA and Louisiana law before discussing the effect of applying LHWCA through an OCSLA filter. When Congress extended LHWCA benefits to land-based workers alongside navigable waters, it extended the federal benefits plan so that it coexisted with and supplemented state workers' compensation schemes. Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 719–20, 100 S.Ct. 2432, 2436, 65 L.Ed.2d 458 (1980). The Supreme Court held that workers who were covered by LHWCA could still choose to pursue their state workers' compensation remedy. Id., 447 U.S. at 715–726, 100 S.Ct. at 2434–2439.

Some courts have interpreted Sun Ship to mean that defenses created by state workers' compensation acts could be asserted against state law claims made by LHWCA benefit recipients. Lewis v. Modular Quarters, 508 So.2d 975 (La.Ct.App.—3rd Cir.1987, writ denied), cert. denied, 487 U.S. 1226, 108 S.Ct. 2886, 101 L.Ed.2d 920 (1988); see also Garvin v. Alumax of South Carolina, 787 F.2d 910 (4th Cir.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986); but see Grantham v. Avondale Indus., Inc., 964 F.2d 471 (5th Cir.1992). In both Lewis and Garvin, the courts held that defendants could assert state workers' compensation act-created immunities for contractors to bar state law claims by subcontractors' employees who were collecting LHWCA benefits. Garvin, 787 F.2d at 917–18; Lewis, 508 So.2d at 982. Both courts held that the state-created immunity was not preempted by the LHWCA's more limited immunity. Garvin, 787 F.2d at 917; Lewis, 508 So.2d at 981–82.

The Fifth Circuit concluded otherwise in Grantham, 964 F.2d at 473–74. The court found that the LHWCA's limited immunity preempted the Louisiana act's immunity when the worker has accepted LHWCA benefits. Id. at 474. The panel noted the split between itself and the Fourth Circuit and acknowledged that "[t]here is a powerful argument that we have taken a wrong turn," but felt compelled to follow its precedent without an en banc change of course. Id. Since the Fifth Circuit declined to rehear the case en banc, the choice of which contractor

immunity applies in Louisiana depends on whether the case is in federal or Louisiana state court. Obviously, we are neither federal nor Louisianan.

Torch's position in this case requires that we apply Louisiana law, not just on the docks, but on artificial islands miles into the Gulf on the outer continental shelf. Louisiana courts have made that voyage, taking their law with them; fortunately, we do not have to choose whether to follow that course because the Bartells do not invoke Louisiana law with their pleading.

The Louisiana supreme court found that Louisiana workers' compensation law applies to persons injured on platforms on the outer continental shelf. *Thompson v. Teledyne Movible Offshore, Inc.*, 419 So.2d 822, 824–28 (La.1982), *appeal dism'd*, 464 U.S. 802, 104 S.Ct. 48, 78 L.Ed.2d 69 (1983). The court based its decision on two factors: 1) the extraterritorial reach of the state statute that covers all workers whose contracts were formed in Louisiana, regardless where they are injured, and 2) the concurrent application of state and federal law to land-based LHWCA claims. *Id.* The *Thompson* case does not control here because the Bartells do not seek Louisiana workers' compensation benefits. The case is relevant because it set the stage for the extension of Louisiana law by other courts in related situations.

Two intermediate Louisiana appellate courts held that the state law immunities apply to workers receiving benefits under LHWCA through OCSLA. *Griffis v. Gulf Coast Pre–Stress Co.*, 563 So.2d 1254, 1254–55 (La.Ct.App.—1st Cir.1990, writ denied); *Crater*, 539 So.2d at 90–91. The *Griffis* and *Crater* courts based their holdings both on the *Thompson* theory of concurrent application of the state law and LHWCA and on OCSLA's adoption of state law. *Griffis*, 563 So.2d at 1254–55; *Crater*, 539 So.2d at 90–91.

The OCSLA states that LHWCA governs the payment of benefits for disability resulting from injuries incurred in the search for natural resources on the outer continental shelf. 43 U.S.C.A. § 1333(b) (West 1986). The OCSLA treats platforms on the outer continental shelf as federal lands within the adjacent state. 43 U.S.C.A. § 1333(a)(1). It also adopts the civil and criminal laws of the adjacent state—to the extent applicable and not inconsistent with federal law—as the law of the United States for that platform. 43 U.S.C.A. § 1333(a)(2)(A) (West 1986). The Louisiana courts reasoned that, since state law and immunities coexisted with LHWCA on the docks and Louisiana law extended to the platforms, the state immunities should also apply on the platforms. *Griffis*, 563 So.2d at 1254–55; *Crater*, 539 So.2d at 90–91.

■ It is not clear that Louisiana courts today would extend the protections of their workers' compensation law to a person receiving benefits under LHWCA. When Bartell was injured on July 8, 1990, the Louisiana legislature had amended its workers' compensation act to state:

> No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoreman's and Harbor Worker's Compensation Act, or any of its extensions, or the Jones Act.

LA.REV.STAT.ANN. § 23:1035.2 (West 1990) (effective January 1, 1990). The cases Torch cites to support extension of the state immunities to persons receiving LHWCA benefits predate this amendment.[1] We continue our analysis because § 23:1035.2 only excludes the payment of compensation; it does not explicitly exclude application of other provisions of the state act.

---

1. A recent case indicates that Louisiana courts might hold that the immunities extend even in the face of section 23:1035.2. *See Moss v. Dixie Mach. Welding & Metal Works, Inc.*, 617 So.2d 959 (La.Ct.App.—4th Cir., writ denied). In *Moss*, the court held that the worker's receipt of LHWCA benefits did not cause 23:1035.2 to bar his assertion of a state wrongful discharge claim because the wrongful discharge claim was not a workers' compensation claim. *Id.*, at 960–61.

The court also held that the state wrongful discharge remedy coexisted with and was not preempted by LHWCA's wrongful discharge remedy. *Id.* at 961. The *Moss* decision may not accurately prefigure how a Louisiana court would determine this case for two reasons: 1) the wrongful discharge cause of action may be viewed differently than an immunity from liability, and 2) *Moss* was a simple LHWCA case rather than a LHWCA as adopted by OCSLA case.

We choose to follow the United States *Fifth Circuit's interpretation* of OCS-LA rather than the Louisiana courts' decisions. We prefer to follow a federal court in its interpretation of federal law; though the action was created by state law, it is born again through OCSLA and baptized as a federal claim on the outer continental shelf. We also simply find the federal court's analysis convincing. In *Gates v. Shell Oil,* a contractor invoked the Louisiana workers' compensation statute's immunity against a subcontractor's employee who was injured on a platform on the outer continental shelf. 812 F.2d 1509, 1513–14 (5th Cir.1987). The Fifth Circuit held that the Louisiana statute's grant of immunity to contractors by defining them as employers conflicted with LHWCA's more limited definition of employer. *Id.* at 1514. The Fifth Circuit held that this conflict required the state immunity to give way. *Id.* In a claim filed under OCSLA and LHWCA, therefore, a contractor could not invoke the state-created immunity. *Id.; cf. LeSassier v. Chevron USA, Inc.,* 776 F.2d 506 (5th Cir.1985) (state wrongful discharge remedy preempted by OCSLA/LHWCA wrongful discharge remedy), *compare with Moss v. Dixie Mach. Welding & Metal Works, Inc.,* 617 So.2d 959 (La.Ct.App.—4th Cir., writ denied) (state wrongful discharge remedy coexists with simple LHWCA wrongful discharge remedy).

The *Gates* decision can be reconciled with the case that Torch advocates, the *Garvin* opinion out of the Fourth Circuit as well as the self-doubting *Grantham* opinion from the Fifth Circuit. The *Garvin* court held that the South Carolina immunity for contractors applied to state law claims asserted by a longshoreman who was receiving LHWCA benefits. *Garvin,* 787 F.2d at 916–18. The *Garvin* court relied on the state-law origin of the claim and on the circumscribed scope of the LHWCA's concurrent application with state law on the shore. *Id.* This case and *Gates* are distinct from *Garvin* and *Grantham,* however, because the former are OCSLA cases, not mere LHWCA cases like *Garvin* and *Grantham.* As the *Gates* court held, the LHWCA denial of immunity and Louisiana's grant of immunity are inconsistent; when OCSLA collates LHWCA and Louisiana law to create the federal law of the artificial islands, Louisiana's conflicting immunity must give way. The *Garvin* court wrote, "The federal immunity rule is to be applied when the third party claim is a federal claim." 787 F.2d at 917. The Bartells' claim under OCSLA is a claim under surrogate federal law, and the federal rule is that Torch has no immunity. We overrule point two.

We affirm the judgment.