NUMBER 13-03-184-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

CITY OF McALLEN,                                                           Appellant,

v.

LUCAS TORRES,                                                               Appellee.
___________________________________________________________________

On appeal from the 139th District Court
of Hidalgo County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         Appellee, Lucas Torres, sued appellant, the City of McAllen (the City), alleging
a violation of the Texas Whistleblower Act. See Tex. Gov’t Code Ann. § 554.001 et
seq. (Vernon 2004). After a jury trial, a verdict was returned in favor of appellee
awarding $18,000 in economic damages and $335,000 in compensatory damages. 
The trial court entered judgment on the verdict but adjusted compensatory damages
to $250,000, the maximum allowed by statute. See id. § 554.003(4). Appellant
appeals the trial court’s judgment by thirteen issues. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. ANALYSIS
         Appellant’s thirteen issues on appeal can be divided into two categories: (1)
issues relating to the trial court’s jurisdiction; and (2) evidentiary issues. We will first
address the issues regarding jurisdiction.
A. JurisdictionBy issues one and two, appellant argues that the trial court lacked jurisdiction
because appellee failed to comply with the statutory prerequisites to filing suit under
the Whistleblower Act, and therefore, immunity has not been waived. 
         Subject matter jurisdiction is a question of law and cannot be waived. Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993); Harris
County v. Lawson, 122 S.W.3d 276, 279 (Tex. App.–Houston [1st Dist.] 2003, pet.
denied). In the absence of a waiver of governmental immunity, a court has no
jurisdiction to entertain a suit against a governmental unit. Lawson, 122 S.W.3d at
279. When a trial court learns that it lacks jurisdiction to hear a cause, the court must
dismiss the cause and refrain from rendering a judgment on the merits. Id.
         In this case the parties do not dispute that appellee timely initiated his grievance
proceeding regarding his transfer from the canine unit to patrol, thus fulfilling the
requirements of sections 554.006(a) and (b). Rather, by its first issue, appellant
argues that appellee failed to comply with section 554.006(d), which requires an
employee to either terminate or exhaust his grievance prior to filing suit.


 Appellant
contends that because appellee filed his lawsuit while his grievance was still pending,
the trial court lacked jurisdiction over the case.
         The Houston Court of Appeals in Harris County v. Lawson, 122 S.W.3d 276
(Tex. App.–Houston [1st Dist.] 2003, pet. denied), recently addressed this same issue. 
In that case, Lawson, a county employee, was terminated due to alleged improper
conduct. Id. at 278. Lawson timely appealed his termination to the Harris County
Sheriff and subsequently, timely appealed his termination to the Civil Service
Commission. Id. While that administrative proceeding was still pending, Lawson filed
his Whistleblower lawsuit against Harris County. Id. at 279. Because Lawson did not
wait until his grievance proceeding was concluded, or alternatively, did not formally
abandon his grievance proceeding before filing suit, Harris County argued that the trial
court lacked jurisdiction over the case. Id. at 281. The Houston court reasoned that
although Lawson did not formally terminate his appeal to the Civil Service Commission,
he gave the County, as he was required to by section 554.006(d), its opportunity to
redress his grievance before he filed suit. Id. at 284. The court concluded that
Lawson complied with both the letter and spirit of section 554.006, and that to hold
otherwise would be inconsistent with the plain language of section 554.006, the
remedial nature of the Whistleblower Act, and the intent of the Legislature. Id. at 284-85. The court additionally concluded that a public employee’s continued participation
in a governmental entity’s grievance or appeal procedures, after the employee has
timely initiated his grievance, waited sixty days for a final decision, and timely filed
suit, does not deprive the trial court of subject-matter jurisdiction over the case. Id.
at 285.
         We agree with the reasoning of the Houston court. In this case, appellee timely
filed his grievance, waited sixty days for a final decision, and timely filed suit. 
Appellee gave appellant an opportunity to redress appellee’s grievance before he filed
suit. Accordingly, appellee’s failure to formally terminate or exhaust the grievance
procedure before filing suit does not deprive the trial court of jurisdiction. Appellant’s
first issue is overruled.
         Appellant argues by its second issue that appellee failed to comply with section
554.005 which requires a public employee to sue not later than ninety days after the
date on which the alleged violation occurred. Tex. Gov’t Code Ann. § 554.005
(Vernon 2004). Appellee was notified of his transfer by letter on February 16, 1998
and filed his lawsuit on May 19, 1998, more than ninety days later. However, the
ninety day limitations period imposed under section 554.005 is tolled during the time
the employee is following the grievance procedure. Castleberry Indep. Sch. Dist. v.
Doe, 35 S.W.3d 777, 781 (Tex. App.–Fort Worth 2001, pet. denied); see Tex. Gov’t
Code Ann. §§ 554.005, 554.006 (Vernon 2004). Appellee initiated the grievance
procedure on March 19, 1998 at which date the limitations period was tolled. 
Therefore, appellee timely filed his suit before the ninety day limitations period had
expired. Appellant’s second issue is overruled. 
         By its third issue, appellant seeks to make a distinction in the conduct
complained of by appellee which was the basis for his Whistleblower claim. Based on
the allegations made in appellee’s second amended petition, appellant argues that
appellee alleges two discrete violations of the Act: (1) pre-transfer “retaliation”
conduct on the part of Sergeant Jose Longoria; and (2) “adverse personnel action”
consisting of appellee’s transfer from the canine unit to patrol in February 1998. 
Appellant contends that the pre-transfer “retaliation” conduct does not constitute
“adverse personnel action” prohibited by section 554.002,


 and therefore the trial
court had no subject matter jurisdiction over any claim based on such conduct. We
do not agree with appellant’s contention.
         After reviewing the record and the facts of the case, this Court is of the opinion
that the pre-transfer “retaliation” conduct falls within the definition of adverse
personnel action. See Tex. Gov’t Code Ann. § 554.001(3) (Vernon 2004). As
discussed in issues ten and eleven below, the pre-transfer “retaliation” conduct and
the transfer of appellee to patrol duty are significantly related such that they should
be considered as part of an ongoing course of adverse personnel action. It was shown
at trial that the verbal abuse, harassment, and hostile work environment to which
appellee was subjected led to and resulted in his transfer. The pre-transfer conduct
constitutes an action which affected a public employee’s transfer, and therefore falls
within the definition of personnel action. See id. Appellant’s third issue is overruled. 
Additionally, because appellant’s fourth and fifth issues are based on this Court finding
the pre-transfer “retaliation” conduct to be a separate and independent basis for
appellee’s Whistleblower Act claim, we overrule appellant’s fourth and fifth issues.


         Appellant contends by its sixth issue that the trial court lacked jurisdiction to
award compensatory damages in the amount of $250,000 because appellee neither
pled nor proved that the City has more than 500 employees, a requirement under the
section 554.003. See Tex. Gov’t Code Ann. § 554.003. Appellee requests that this
Court take judicial notice of the number of persons employed by the City for the period
in question.
         A court of appeals has the power to take judicial notice for the first time on
appeal. Office of Pub. Util. Counsel v. Pub. Util. Comm’n, 878 S.W.2d 598, 600
(Tex. 1994); City of Dallas v. Moreau, 718 S.W.2d 776, 781 (Tex. App.–Corpus
Christi 1986, writ ref’d n.r.e.). To be the proper subject of judicial notice, a fact must
be “capable of accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned.” Tex. R. Evid. 201(b)(2); Office of Pub. Util.
Counsel, 878 S.W.2d at 600. Judicial notice is mandatory if “requested by a party
and [the court is] supplied with the necessary information.” Tex. R. Evid. 201(d);
Office of Pub. Util. Counsel, 878 S.W.2d at 600. Here, appellee has provided the
Court with a certified copy of the Employee Count for the City of McAllen for the years
1998 through 2002. For each of those years the number of people employed by the
City was in excess of 1,000. The number of employees of the City is a matter of
public record, and as such, it is capable of accurate and ready determination by resort
to a source whose accuracy cannot be reasonably questioned. See Office of Pub. Util.
Counsel, 878 S.W.2d at 600. We therefore take judicial notice that the number of
persons employed by the City was in excess of 500. The trial court had jurisdiction
to award damages in the amount of $250,000. Appellant’s sixth issue is overruled.
B. Evidentiary Issues
1. “Violation of Law”
         Appellant’s seventh issue relates to the requirement under the Whistleblower
Act that an employee report a “violation of law” by the employing governmental
entity.


 Appellant argues that because there was no evidence, the trial court erred in
concluding that appellee’s complaint regarding Sergeant Longoria’s alleged violation
of the City’s internal bidding policies constituted a report of “a violation of the law”
within the meaning of section 554.002(a).


 Appellant contends that the City’s
Purchasing & Contracting Policies & Procedures Manual simply governs internal policies
which are not “laws.” 
         The issue of whether appellee reported a violation of law is a question of law. 
Rogers v. City of Fort Worth, 89 S.W.3d 265, 274 (Tex. App.–Fort Worth 2002, no
pet.). Accordingly, we review the trial court’s determination under a de novo standard
of review. Id.
         Appellant challenges the existence of any evidence demonstrating that the
provisions of the manual fall within the statutory definition of a “law.” After reviewing
the record, we find the only evidence relevant to establishing the manual as “law” is
the testimony of William Duck. On direct examination Duck testified:
Q.So any purchase request or anything that’s needed for the McAllen
Police Department goes through you, sir?
 
A.That’s correct.
 
Q.And you are governed by policies and procedures that are set forth
by the City of McAllen?
 
A.That’s correct.
 
Q.Is that correct? And I assume that you are - - that you are familiar
with these policies and procedures?
 
         A.     Yes, sir.
 
Q.You’re also governed by the City of McAllen’s ordinances?
 
A.That’s correct.
 
Q.Is that correct? Which these policies and procedures are a part of,
are they not?
 
A.Yes.
 
Q.Okay. Would you consider an ordinance a law, sir?
 
A.Yes.

On cross-examination Duck gave conflicting testimony stating that he did not know
whether or not the manual had the same effect as an ordinance or whether the manual
was promulgated pursuant to an ordinance. As this is the only evidence found in the
record, we cannot conclude that the policy and procedures manual falls within the
statutory definition of a “law.” However, we cannot find that error, if any, caused the
rendition of an improper judgment because we conclude below that the trial court
correctly found a violation of law based on abuse of official capacity. See Tex. R. App.
P. 44.1. Therefore, appellant’s seventh issue is overruled.
2. “Abuse of Official Capacity”
         In its eighth issue, appellant contends the trial court abused its discretion in
admitting and considering evidence of “abuse of official capacity”


 in determining
whether appellee had reported a violation of law because appellee failed to allege in
his petition that abuse of official capacity was the basis for appellee’s report.
         Absent special exceptions, we construe a petition liberally in favor of the
pleader. See Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982); Torch Operating Co.
v. Bartell, 865 S.W.2d 552, 554 (Tex. App.–Corpus Christi 1993, writ denied). We
will look to the pleader’s intendment and the pleading will be upheld even if some
element of a cause of action has not been specifically alleged. Roark, 633 S.W.2d at
809. A petition is sufficient if it gives fair and adequate notice of the facts upon
which the pleader bases his claim. Id. The purpose of this rule is to give the opposing
party information sufficient to enable him to prepare a defense. Id.
         Appellee alleged in his petition that he “reported improper and unlawful activity
conducted by Sgt. Jose Longoria, chief of the K-9 division, in awarding a bid for
construction of dog kennels to a family member. Thereafter, [he] was subjected to
retaliation.” The petition also stated in the section setting out the cause of action,
“[appellee] in good faith reported the improper and unlawful conduct of Sgt. Jose
Longoria. Longoria and others retaliated against [appellee] in violation of the Whistle
Blower Act.” When given a liberal construction, we find the allegation of improper
and unlawful activity in awarding a bid for construction is broad enough for the court
to determine that abuse of official capacity, see Tex. Pen. Code Ann. § 39.02(a)
(Vernon 2003), was the basis for the report and thereby allow the introduction of such
evidence. Additionally, we find the allegations sufficient to give appellant fair notice
that it would have to defend against a claim originating from the alleged improper and
unlawful actions of Sergeant Longoria. See Roark, 663 S.W.2d at 809. Therefore,
the trial court did not err in admitting evidence regarding abuse of official capacity and
in using this evidence to find there had been a violation of law. Appellant’s eighth
issue is overruled.
3. “Good Faith”
         In its ninth issue, appellant argues that there was no evidence to support the
jury’s finding that the reported violation of law was made “in good faith.”


  
         The Texas Supreme Court has defined the term “good faith” in the context of
the Whistleblower Act to mean that (1) the employee believed that the conduct
reported was a violation of law and (2) the employee’s belief was reasonable in light
of the employee’s training and experience. Tex. Dep’t of Transp. v. Needham, 82
S.W.3d 314, 320 (Tex. 2002) (citing Wichita County v. Hart, 917 S.W.2d 779, 784
(Tex. 1996)). The first prong is subjective and ensures that an employee seeking a
remedy under the Whistleblower Act believed that he was reporting an actual violation
of law. See id. The second prong of the definition is objective and ensures that, even
if the reporting employee honestly believed that the reported act was a violation of
law, the reporting employee only receives Whistleblower Act protection if a reasonably
prudent employee in similar circumstances would have believed that the facts as
reported were a violation of law. See id. Appellant concedes there is evidence to
support the first element, but denies the existence of any evidence supporting the
second. Therefore, we will only address the legal sufficiency as to the second
element.
         Legal sufficiency issues are called “no evidence” issues or “matter of law”
issues, depending upon whether the complaining party had the burden of proof. Raw
Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 275 (Tex.
App.–Amarillo 1988, writ denied). When, as in this case, the complaining party did
not have the burden of proof at trial, it must demonstrate on appeal that there is no
evidence to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58
(Tex. 1983); Gooch v. Am. Sling Co., 902 S.W.2d 181, 183-84 (Tex. App.–Fort
Worth 1994, no writ). Under a legal sufficiency review, we must view the evidence
in a light that tends to support the finding and disregard all evidence and inferences
to the contrary. Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex. 2002). Anything more than
a scintilla of evidence is legally sufficient to support the finding. City of Fort Worth
v. Zimlich, 29 S.W.3d 62, 69 (Tex. 2000). 
         To establish the objective prong of the “good faith” test, the appellee must
establish that a reasonably prudent public employee in similar circumstances, with
similar training and experience, would have believed that the facts as reported
amounted to a violation of law. Hart, 917 S.W.2d at 784-85. A report of an alleged
violation of law may be made in good faith even though incorrect, as long as a
reasonable person with the employee’s same level of training and experience would
also have believed that a violation had occurred. Town of Flower Mound v. Teague,
111 S.W.3d 742, 753 (Tex. App.–Fort Worth 2003, pet. denied). Because of his
training and experience in assessing legal violations, the reasonableness of a peace
officer’s belief that a law has been violated will be examined more closely than will the
belief of a person who is not in law enforcement. Id. (citing Harris County Pct. Four
Constable Dep’t v. Grabowski, 922 S.W.2d 954, 956 (Tex. 1996)).
         Our review of the record focuses on portions of the deposition testimony of
Officer Albert Garcia introduced at trial. Officer Garcia testified that he participated
in the construction of a dog kennel at his home when he was a trainee in the canine
unit. During the kennel construction, Sergeant Longoria supervised the pouring of the
concrete while his son Joey did not participate. When asked if there was an
appearance of a conflict of interest and impropriety in Joey being a subcontractor and
Sergeant Longoria having a hand in selecting Joey as a subcontractor, Officer Garcia
answered in the affirmative. Officer Garcia also testified that he believed appellee’s
complaint had merit and was correct. 
         Viewing this evidence in a light that tends to support the finding and
disregarding all evidence and inferences to the contrary, see Lenz, 79 S.W.3d at 19,
we find the evidence legally sufficient to establish that a reasonably prudent public
employee in similar circumstances, with similar training and experience, would have
believed that the facts as reported amounted to a violation of law. See Hart, 917
S.W.2d at 784-85. Therefore, the evidence is legally sufficient to support the jury’s
finding that the reported violation of law was made “in good faith.” Appellant’s ninth
issue is overruled.
4. Causation
         By its tenth and eleventh issues, appellant argues that the evidence is legally
insufficient to support the jury’s finding (1) that appellee’s report against Sergeant
Longoria of unlawful conduct was a cause of the City transferring appellee to patrol
when it did and (2) that the City would not have transferred appellee if he had not filed
a report. Appellant’s evidentiary sufficiency argument in these two issues focuses on
the causal connection between appellee’s report of unlawful activity and the City
transferring him to patrol.
         “To show causation, a public employee must demonstrate that after he or she
reported a violation of the law in good faith to an appropriate law enforcement
authority, the employee suffered discriminatory conduct by his or her employer that
would not have occurred when it did if the employee had not reported the illegal
conduct.” Zimlich, 29 S.W.3d at 67; Tex. Dep’t of Human Servs. v. Hinds, 904
S.W.2d 629, 633 (Tex. 1995). The employee must establish a “but for” causal
connection between the reported violation of law and the employer’s actions. City of
Fort Worth v. Johnson, 105 S.W.3d 154, 163 (Tex. App.–Waco 2003, no pet.). 
However, the employee need not establish that the reported violation of law was the
sole cause of the employer’s action. Id. In this case, appellee was required to
establish that his transfer to patrol would not have occurred when it did but for his
report of illegal conduct.
         In this case, we must examine the evidence regarding the City’s decision to
transfer appellee to patrol duty. Appellee testified at trial that after making the report
of Sergeant Longoria’s illegal activities, he was singled out by Sergeant Longoria and
treated differently than the other trainees. Appellee was required to train with his dog
on his own and away from the group. He was subjected to harassment from Sergeant
Longoria and forced to proceed with his canine training in a hostile work environment. 
Appellee testified that working in such an environment began affecting his
performance at work, he could not concentrate and he could no longer do his job. As
a result, appellee sought the help of a psychiatrist. Appellee testified that his inability
to concentrate and to study ultimately resulted in his failing the final exam.
         The foregoing actions by Sergeant Longoria prompted appellee’s January 19,
1998 letter to Chief Longoria seeking a different trainer and refusing to return to the
existing work environment. According to the March 23, 1998 letter by Chief Longoria,
it was appellee’s disruptive and counterproductive presence in the unit which was the
basis for the Chief’s decision to transfer appellee. From our review of the record we
conclude that appellee’s disruptive and counterproductive presence was a result of the
hostile training environment created by Sergeant Longoria in retaliation for appellee
filing a report against him. We therefore find this to be at least some evidence, more
than a scintilla, of a causal connection between appellee’s transfer and his reporting
of a violation of law. See Zimlich, 29 S.W.3d at 69. Appellee provided sufficient
evidence that his transfer to patrol would not have occurred when it did but for his
report of illegal conduct. See Johnson, 105 S.W.3d at 163. Therefore, there is legally
sufficient evidence to support the jury’s finding. Appellant’s issues ten and eleven are
overruled.
5. Damages
         By its twelfth issue, appellant argues that the evidence is legally insufficient to
support the jury’s finding that appellee suffered $350,000 in compensatory damages



as a result of his transfer to patrol. Specifically, appellant argues there is no evidence
regarding non-pecuniary losses resulting from appellee’s transfer to patrol, and that the
evidence regarding non-pecuniary losses allegedly suffered by appellee relates only to
the pre-transfer hostile work environment. However, as we concluded above, the pre-transfer work environment is directly related to the transfer. Therefore, in our review
we will consider evidence of non-pecuniary losses allegedly suffered as a result of the
hostile work environment and as a result of the transfer.
         Our review of the record reveals evidence that appellee sought treatment from
a psychiatrist, Cesar Matos, M.D., as a result of the harassment from Sergeant
Longoria. Medical records and reports of Dr. Matos show that appellee was suffering
from symptoms of anxiety, severe depression and insomnia. Appellee was prescribed
prozac and other drugs to treat these symptoms. Appellee received treatment from 
Dr. Matos from January 5, 1998 until September 1, 1998. Additional medical records
were introduced illustrating continuing treatment and psychotherapy sessions to treat
appellee’s depression. This treatment began on June 11, 1999 and continued until
June 12, 2000. Appellee also testified as to the depression he suffered, his lack of
concentration, and his inability to work as a result of the harassment and hostile work
environment. 
         Viewing this evidence in a light that tends to support the finding and
disregarding all evidence and inferences to the contrary, see Lenz, 79 S.W.3d at 19,
we find the evidence to be legally sufficient to support the jury’s award of
compensatory damages. Appellant’s twelfth issue is overruled.
         In its thirteenth issue, appellant contends that the evidence is legally insufficient
to support the jury’s finding that appellee suffered $18,000 in past lost wages.
         The evidence consists of appellee testifying that he would have made
approximately $4,500 more per year as a canine officer than as a patrolman. Appellee
calculated total lost wages at $17,951.96 when adding in the overtime and
assignment pay to which he was entitled. This evidence constitutes more than a
scintilla of evidence and therefore is legally sufficient. Appellant’s thirteenth issue is
overruled. 
III. CONCLUSION
         Having overruled appellant’s thirteen issues, we accordingly affirm the judgment
of the trial court.
                                                                                                         
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 19th day of May, 2005.